Filed 8/4/23  P. v. Mejia CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>ALDO MEJIA,<br><br>Defendant and Appellant. | B324914<br><br>(Los Angeles County<br>Super. Ct. No. BA389543) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Charlaine F. Olmedo, Judge.  Affirmed.

Larry Pizarro, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance by Plaintiff and Respondent.

_____

Nearly a decade after he pled no contest to mayhem and assault with a firearm, Aldo Mejia filed a petition for resentencing under former Penal Code section 1170.95 (now section 1172.6).[1]  Mejia appeals from the trial court's summary denial of his petition.  We affirm.

## PROCEDURAL BACKGROUND

On November 5, 2013, Aldo Mejia pled no contest to one count each of mayhem and assault with a firearm.  (Pen. Code, §§ 203, 245, subd. (a)(2).)  He further admitted firearm and gang enhancement allegations as to the mayhem count.  (§§ 12022.5, subd. (a), 186.22, subd. (b)(1).)  The trial court sentenced him to 23 years in state prison.

On March 3, 2022, Mejia filed a petition for resentencing, asserting he had been charged under an accusatory pleading that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine; that he was convicted at trial of murder, attempted murder or manslaughter or accepted a plea offer in lieu of a trial at which he could have convicted of murder or attempted murder; and, that he could not presently be convicted of murder or attempted murder because of changes made to sections 188 and 189.  He also requested the appointment of counsel.

The trial court summarily denied the petition on the ground Mejia was never charged with an offense covered by section 1172.6 and was not convicted of one.  Rather, Mejia was charged with one count of shooting at an inhabited dwelling (§ 246), one count of mayhem (§ 203), five counts of assault with a firearm (§ 245, subd. (a)(2), and one count of conspiracy to commit murder (§ 182).

---

[1]     All further section references are to the Penal Code.

Mejia timely appealed from the trial court's order. We appointed counsel.

## DISCUSSION

Appellate counsel found no arguable issues to raise on appeal and requested this court follow the procedure set out in *People v. Delgadillo* (2022) 14 Cal.5th 216, 222. On April 3, 2023, we advised Mejia of his counsel's no-issue brief and advised him he could submit a supplemental brief identifying any arguments he would like us to consider.

On May 4, 2023, Mejia filed a letter brief explaining he filed the petition for rehearing because he mistakenly believed he had been charged with attempted murder. After reviewing the record, he understands that was not the case. He nevertheless hopes to "reopen" the matter so this court may dismiss or strike his enhancements pursuant to Senate Bill No. 81 or Assembly Bill No. 1310.[2]

Effective January 1, 2022, Senate Bill No. 81 (2021-2022 Reg. Sess.) amended section 1385 to require the superior court to dismiss sentencing enhancements "if it is in the furtherance of justice to do so" and would not endanger public safety. (See § 1385, subd. (c).) The changes effected by Senate Bill No. 81 "apply to all sentencings occurring after January 1, 2022." (§ 1385, subd. (c)(7).) Senate Bill No. 81 cannot aid Mejia because he was sentenced in 2013, well before January 1, 2022.

---

[2] Assembly Bill No. 1310 (2023-2024 Reg. Sess.) proposes resentencing of those persons in custody who suffered an additional and consecutive term of imprisonment from a firearm enhancement. This bill has not passed the Legislature and thus AB 1310 has no application to Mejia's case.

We have also conducted an independent review of the record.  (*Delgadillo, supra,* 14 Cal.5th at p. 230 ["if the appellate court wishes, it may also exercise its discretion to conduct its own independent review of the record in the interest of justice"].)  We conclude Mejia is not entitled to relief under section 1172.6. (§ 1172.6, subd. (a); *People v. Whitson* (2022) 79 Cal.App.5th 22, 34 [the predecessor statute to section 1172.6 did not provide for resentencing of conspiracy to commit murder convictions, and, when Legislature amended the statute to include attempted murder and manslaughter, it did not include conspiracy to commit murder].)  Accordingly, he is ineligible for relief as a matter of law.  (*People v. Daniel* (2020) 57 Cal.App.5th 666, 677.)

### DISPOSITION

The order summarily denying Mejia's section 1172.6 petition is affirmed.


RUBIN, P. J.

WE CONCUR:



MOOR, J.                         KIM, J.

4